NO. 07-06-0402-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS
 
AT AMARILLO

PANEL A

APRIL 18, 2008
______________________________

PERRY HEARD, APPELLANT

V.

MONSANTO COMPANY, APPELLEE
_________________________________

FROM THE 72ND DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-521,581; HONORABLE RUBEN REYES, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
DISSENTING OPINION
          I would reverse the trial court’s judgment because I find the representations made
by Monsanto to be actionable pursuant to the DTPA.


 See Tex. Bus. & Comm. Code Ann.
§ 17.50(a)(1) (Vernon 2002). Specifically, I take issue with the characterization of the
representations by Monsanto as being only puffing. The majority holds that the
representations herein are not the same as those found actionable in Helena Chem. Co.
v. Wilkins, 47 S.W.3d 486, 503-04. A review of those representations reveals that Helena 
made the following statements regarding its grain sorghum:
1) “one of the most durable, top yielding hybrids” with an “outstanding disease
tolerance package.”

 
2) the brochure in question further stated the seed has”good” head exertion,
“very good” standability, “excellent” yield potential and it was “FD [field]
tolerant” to charcoal rot.

 
3) Helena represented that its sorghum hybrids “constitute our best research
and development,” that it has “excellent weatherability,” and is “the tough
performer.”
 
The statements in question in the case at bar bear a striking similarity to those found
actionable by the Texas Supreme Court. Here Monsanto made the following
representations:
          1) “No herbicide can control more weeds than Roundup UltraMAX.”

 
2) “With Roundup UltraMAX, you are assured of the best all-around herbicide
performance you can buy.”
 
The only distinction that I can draw from the two sets of representations is that Helena
contains more representations than were made in the case before the court. However, the
current state of the law is not grounded upon the number of representations, rather it is the
type of representations. I would also point out that the Autohaus case is distinguishable
because in that case the court points out that the representations in question were qualified
by the terms “probably” and “joked” and that these qualifiers demonstrated the generality
of the representations. Autohaus, Inc. v. Aguilar, 794 S.W.2d 459, 464 (Tex.App.–Dallas
1990, writ denied).
          Accordingly, I find that the representations were actionable and that the trial court
erred in granting either summary judgment. Therefore, I must dissent. 
 
                                                                           Mackey K. Hancock

                                                                                      Justice